# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Case No.: 07-22740-CIV  COOKE/BANDSTRA

JORGE ASTORGA,

    *Plaintiff*,

v.

RARA AVIS CORP., *et al*.,

    *Defendants*.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** came before the Court upon Defendants' Motion to Dismiss [DE 14], filed December 6, 2007.  Prior to that filing, on November 30, 2007, Defendants filed their Agreed Motion for Enlargement of Time to Respond to Complaint [DE 12].  Also on November 30, 2007, the Court granted in part, *see* DE 13, their Motion for Enlargement.  Then, Defendants filed their Motion to Dismiss.  Plaintiff filed his  Response in Opposition to Motion to Dismiss [DE 15] on December 17, 2007, and Defendants filed their Reply [DE 16] on December 19, 2007.  As there were factual disputes as to whether Defendants had been properly served, and thus, whether the Court had jurisdiction, an Evidentiary Hearing was held on June 11, 2008 to determine that issue, *see* DE 25. Having heard both parties' arguments as to the service of process and, therefore, the Court's jurisdiction over Defendants, the Court has determined that it does not have jurisdiction.

In his Response to Defendants' Motion to Dismiss, Plaintiff argued that Defendants had waived any objection to sufficiency of service by the mere act of filing their Motion to Dismiss.

However, Plaintiff is mistaken on this point.  Prior to the adoption of the Federal Rules of Civil Procedure, a defendant was required to make a "special appearance" in order to object to a court's jurisdiction while avoiding waiver of sufficient service.  *See Ellsworth Trust Co. v. Parramore*, 108 F. 906, 908 (5th Cir. 1901)[1].  However, under Rule 12(b), "appearing specially" is no longer necessary. *Housing Authority of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973).  "All such objections are assertable in an answer or motion to dismiss pursuant to Rule 12(b)." *Id.* Thus, Defendants did not waive their objection to insufficient service of process by filing their Motion to Dismiss.  Moreover, Defendants would be deemed to have waived that objection had they responded to the merits of the Complaint or had they failed to raise the objection in another Rule 12 motion. *Vax-D Med. Techs., LLC v. Tex. Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007).  Here, Defendants timely filed their Motion to Dismiss, asserting insufficient service of process, and have subsequently maintained their objection to personal jurisdiction.

Also in his Response, Plaintiff argued that Defendants were personally served.  In support of this assertion, Plaintiff attached an affidavit by the process server [ DE 15].  Defendants, both by affidavit [DE 14] and by testimony at the Hearing, unequivocally deny ever receiving personal service.  This factual dispute was the sole motivation for holding the Evidentiary Hearing on June 11, 2008.  Yet at the Hearing, Plaintiff failed to produce the process server and, instead, primarily argued that Defendants had somehow waived their objection to the Court's jurisdiction.[2]

---

[1] In *Bonner v. City of Prichard*, the 11th Circuit adopted as binding precedent all 5th Circuit cases handed down before the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

[2] Plaintiff, though given the opportunity to cross-examine Bertha Zayas' testimony, elected not to do so.

At the Hearing, Plaintiff also argued that Defendants waived sufficient service by filing its Motion for Enlargement.  However, Defendants filed that Motion to avoid a default judgment, and argued that, because service was deficient, Defendants and counsel only received the complaint a few days before the response period would have expired.  *See* FED. R. CIV. P. 12(a).  Additionally, Plaintiff argued that Defendants' participation in a pretrial deposition, and their appearance at the Evidentiary Hearing itself, constituted a waiver of jurisdictional objections.  Here again, Plaintiff is mistaken.  At the outset of the pretrial deposition, Defendants clearly maintained their objection to insufficient service of process and were simply complying with the Court's Order [DE 18].  Finally, as Rule 12 contemplates holding evidentiary hearings to determine jurisdictional issues, it would make little sense for appearance at such a hearing to constitute waiver of a party's jurisdictional objections.  *See* FED. R. CIV. P. 12; *see also Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir. 1994) (discussing a court's choice as to holding an evidentiary hearing on jurisdictional issues).  Thus, Defendants' appearing at the Evidentiary Hearing, which had the sole purpose of determining whether the Court had jurisdiction, did not constitute waiver of Defendants' objection.

**UPON REVIEW** of Defendants' Motion to Dismiss, Plaintiff's Response, Defendants' Reply, all supporting affidavits, and testimony at the Hearing, this Court has determined that Plaintiff failed to sufficiently serve Defendants and at no time did Defendants waive their objection to sufficiency of service under Rules 4, 12(b)(4), and 12(b)(5).  Therefore, the Court lacks jurisdiction over this action and must grant Defendants' Motion to Dismiss.  Accordingly, the Court, being advised fully in the premises, hereby

**ORDERS** and **ADJUDGES** as follows:

1.      Defendants' Motion to Dismiss is **GRANTED**.

3

2.       The above styled case is **DISMISSED** *without prejudice*.

3.       The Clerk shall **CLOSE** this case.  All pending Motions are **DENIED** *as*

*moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of June 2008.


_____

MARCIA G. COOKE
United States District Judge




Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*


4